## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CARRINGTON COX,**

> **Plaintiff,**

v.                                                          **Case No.:**

**LIGHTNING VAPES, LLC,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CARRINGTON COX ("Plaintiff"), by and through undersigned counsel and on behalf of himself and all others similarly situated, hereby brings this action against Defendant, LIGHTNING VAPES, LLC. ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages and for retaliation.

2.      This Complaint is filed as a collective action under 29 U.S.C. § 216(b). The instant action is brought by and on behalf of persons who are or have been employed as CNC Operators during the relevant statutory period by Defendant, a Florida corporation that is headquartered in Bradenton, in Manatee County.

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Manatee County, Florida.

## PARTIES

5.      Named Plaintiff CARRINGTON COX is a resident of Manatee County, Florida.

6.      Defendant LIGHTNING VAPES, LLC ("Lightning Vapes") is a Florida corporation headquartered in Bradenton, Florida. Lightning Vapes is in the business of producing electronic cigarette components.

## GENERAL ALLEGATIONS

7.      Plaintiff has satisfied all conditions precedent, or they have been waived.

8.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.      Plaintiff requests a jury trial for all issues so triable.

10.     At all times material hereto, Named Plaintiff CARRINGTON COX ("Cox") was employed by Defendant as a CNC Operator.

11.     The similarly situated employees on whose behalf Plaintiff is bringing this FLSA collective action are all of the CNC Operators who were employed by Defendant during any period of time within the past three years.

12.     This collective action challenges Lightning Vapes' uniform policy of willfully misclassifying its CNC Operators as salaried employees, when these CNC Operators should have been or should be paid the hourly minimum wage and overtime premiums.

13.     As a result of its unlawful misclassification of its CNC Operators as salaried employees, Lightning Vapes has uniformly violated the overtime provisions of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay them overtime premiums for hours worked each week over forty.

14.    During the statutory period, Plaintiff Cox and all similarly situated employees handled goods or materials that had been moved in or produced for commerce, and as such, they were subject to individual coverage under the FLSA.

15.    At all times material hereto, Plaintiff Cox and all similarly situated persons were "employees" of Defendant Lightning Vapes within the meaning of the FLSA.

16.    At all times material hereto, Defendant Lightning Vapes was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17.    Defendant Lightning Vapes continues to be an "employer" within the meaning of the FLSA.

18.    During the relevant statutory period, Defendant employed at least two CNC operators who handled goods or materials that had been moved in or produced for commerce. These CNC Operators were and are engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA.

19.    At all relevant times, Defendant Lightning Vapes was engaged in related activities performed through a unified operation or common control for a common business purpose, and as such was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

20.    At all times relevant to this action, Defendant Lightning Vapes engaged in interstate commerce within the meaning of the FLSA by producing and selling electronic cigarette parts to businesses throughout the United States and internationally.

3

21.     At all times relevant to this action, the annual gross sales volume of Defendant Lightning Vapes exceeded $500,000 per year.

22.     At all times relevant to this action, Defendant Lightning Vapes was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. 203(s)(1)(A).

23.     At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

24.     Thus, rather than being salaried employees, Plaintiff Cox and all similarly CNC operators were "employees" of Defendant within the meaning of the FLSA.

25.     Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which  was employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

26.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

27.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## ALLEGATIOSN OF FACT SPECIFIC TO PLAINTIFF

28.     Plaintiff CARRINGTON COX began working for Defendant as a CNC Operator in January, 2015, and he worked in this capacity until around June, 2016.

29.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

30.     As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times his regular hourly rate.

31.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FMLA.

32.     In around June 2016, Plaintiff complained to Defendant about unpaid overtime and refused to work overtime hours unless Defendant paid him for them.

33.     In response, Defendant retaliated against Plaintiff asserting his FLSA rights by terminating Plaintiff's employment.

34.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff Cox brings this action under 29 U.S.C. § 216(b) as an "opt-in" collective action on behalf of similarly situated employees of Defendant. These similarly situated employees are CNC Operators who worked for Defendant during any period of time within the past three years, and to whom Defendant failed to pay overtime wages for all of the hours that they worked over forty per week.

36.     Therefore, notice is properly sent to: "All CNC Operators to whom Defendant failed to pay overtime wages for all of the hours that they worked over forty per week during any period of time within the past three years."

37.    The total number and identities of the plaintiffs who may "opt in" to this collective action may be determined from the records of Defendant, and they may easily and quickly be notified of the pendency of this action.

38.    Plaintiff Cox is similar to these current and former employees of Defendant because he and these potential "opt-in" plaintiffs have been unlawfully denied payment of overtime wages for all of the hours that they worked over forty per week, as mandated by the FLSA.

39.    Plaintiff Cox's experience with Defendant's failure to remunerate CNC Operators for overtime hours is typical of the experiences of the potential opt-in plaintiffs.

40.    Defendant's failure to pay overtime wages due at a rate that was at least equal to 1.5 times the CNC Operator's regular hourly wage is common to Plaintiff Cox and all similarly situated employees.

41.    Overall, Plaintiff Cox's experience as a CNC Operator who worked for Defendant is typical of the experience of the potential opt-in plaintiffs.

42.    Specific job titles or job duties of these potential opt-in plaintiffs do not prevent collective treatment.

43.    Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability for failure to pay an overtime premium under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATION

44.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

45.     During the statutory period, Plaintiff and all similarly situated employees worked overtime hours while employed by Defendant, and they were not compensated for all of these hours in accordance with the FLSA.

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment, stating that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION
## (PLAINTIFF COX ONLY)

48.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

49.     By, demanding an overtime premium for hours worked per week over forty, Plaintiff engaged in protected activity under the FLSA.

50.     By, terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

51.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

52.     Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    (a)     A jury trial on all issues so triable;

    (b)     That process issue and that this Court take jurisdiction over the case;

    (c)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

    (d)     Compensation for lost wages, benefits, and other remuneration;

    (e)     Compensatory damages, including emotional distress, allowable at law; and

    (f)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of July, 2016.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar No. 0661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: tstawter@wfclaw.com
**Attorney for Plaintiff**

9